**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GERVIN GOMEZ,

    Petitioner,                            3:15-cv-00299-RCJ-WGC

vs.

                                        **ORDER**

RENEE BAKER,

    Respondent.

_____/

        This action was initiated on June 5, 2015, by Gervin Gomez, a Nevada prisoner. On that date, Gomez submitted a document entitled "Petitioners Writ Quo-Warranto and Supporting Memorandum, In Motion to Dismiss for Lack of Subject-Matter Jurisdiction" and a document entitled "Notice of Petitioners Writ of Quo-Warranto and Supporting Memorandum" (both documents at ECF No. 1, in the electronic file for this case).

        On October 19, 2015, Gomez paid the $5 filing fee for the action (ECF No. 3). Therefore, Gomez's petition, and his notice regarding it, will be filed.

        On December 14, 2015, Gomez filed a "Motion to Amend Writ Title" (ECF No. 4). In that document, Gomez requests that the title of his petition be amended; he states that the correct title should be: "Petitioners Writ of Coram Nobis Supporting Memorandum of Actual Innocence in Motion to Dismiss for Lack of Subject-Matter Jurisdiction." The court will deny the motion to amend, as amendment of the title of Gomez's petition would be futile. Rule 15(a) of the Federal

1  Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."
2  But a federal court need not allow a prisoner to amend a petition under Rule 15 where the
3  amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).  Regardless
4  whether Gomez's petition is entitled, and construed as, a coram nobis petition or a quo warranto
5  petition, it is plainly meritless, and subject to summary dismissal.

6       It appears from Gomez's petition that in 2004 he was charged in Nevada's Eighth Judicial
7  District Court (Clark County) with conspiracy to commit murder, murder, kidnapping, and robbery.
8  Petition, pp. 13-18.  He was apparently convicted of one or more of those charges, and sentenced to
9  one or more prison terms, which he is currently serving at Nevada's Ely State Prison.  As the court
10 understands Gomez's petition, he asserts that he was charged with, and convicted of, commission of
11 crimes defined in statutes set forth in the Nevada Revised Statutes, which statutes, as set forth in the
12 Nevada Revised Statutes, are contrary to Article IV, section 23, of the Nevada Constitution, because
13 they do not bear enacting clauses.  As relief, Gomez requests that the case against him be dismissed,
14 that his convictions be expunged, and that he be "grant[ed] leave for filing a civil tort claim action."
15 Petition, pp. 22-23.

16      "*Coram nobis* is an extraordinary writ that usually is available only to petitioners who have
17 fully served their sentences." *United States v. Monreal*, 301 F.3d 1127, 1131-32 (9th Cir.2002).  The
18 writ of error coram nobis may be issued by a federal court only with respect to a federal criminal
19 sentence.  *See Yasui v. United States*, 772 F.2d 1496, 1498 (9th Cir.1985) ("The writ of error *coram*
20 *nobis* fills a void in the availability of post-conviction remedies in federal criminal cases."); *Hensley v.*
21 *Municipal Court*, 453 F.2d 1252, 1252 n. 2 (9th Cir.1972) (holding that, even though habeas
22 jurisdiction was lacking, a petition could not be treated as "one seeking coram nobis because
23 [petitioner] seeks to challenge a state court proceeding in federal court" and "[c]oram nobis lies only
24 to challenge errors occurring in the same court"), rev'd on other grounds, 411 U.S. 345 (1973).
25 Gomez's petition to this federal court for relief from his state conviction, construed as a petition for
26 writ of error coram nobis, is wholly without merit.

Construed as a quo warranto petition, as it was originally entitled, Gomez's petition is also completely meritless. The United States Supreme Court has explained that a writ quo warranto "is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933). "[T]he federal common law remedy has been available only in connection with proceedings over an individual's right to hold an office or position." *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 665 (9th Cir.1988). Gomez does not seek such relief. Construed as a petition for a writ quo warranto, Gomez's petition provides no vehicle for attacking the validity of the Nevada Revised Statutes, and, correspondingly, his state court convictions.

A petition for writ of habeas corpus, under 28 U.S.C. § 2254, is the only means for challenging a state court criminal conviction in federal court. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, a federal court petition for a writ of habeas corpus by a state prisoner can be granted only for violations of the constitution or laws of the United States; the argument in Gomez's petition in this case is based completely on alleged of violation of the Nevada constitution. *See* 28 U.S.C. § 2254(a). Also, claims presented by a state prisoner in a federal habeas petition must first be asserted in state court; there is no indication that Gomez has asserted, in state court, any claim that his convictions are contrary to any federal constitutional provision or law. *See* 28 U.S.C. § 2254(b). Moreover, federal habeas petitions are governed by a one-year statute of limitations; it appears likely, from the information in the record in this case, that the one-year limitations period for Gomez to file a federal habeas petition, expired long ago. *See* 28 U.S .C. § 2244(d). Nevertheless, if Gomez believes he is entitled to federal habeas corpus relief, he may file a new action -- a petition for writ of habeas corpus -- using the correct form petition for such an action, and providing all the information called for in that form petition.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall separately file the documents entitled "Petitioners Writ Quo-Warranto and Supporting Memorandum, In Motion to Dismiss for Lack of Subject-Matter Jurisdiction" and "Notice of Petitioners Writ of Quo-Warranto and Supporting Memorandum" (both documents currently found attached to the notice at ECF No. 1).

**IT IS FURTHER ORDERED** that petitioner's Motion to Amend Writ Title (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 5th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE